**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4570**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIO FIGUEROA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:03-cr-00104-F-1)

Submitted: July 30, 2010          Decided: August 19, 2010

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Figueroa appeals his 60-month sentence of imprisonment imposed by the district court after finding that Figueroa violated the term of his supervised release prohibiting criminal conduct. Figueroa pled guilty to aiding and abetting the distribution of marijuana in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(D) (West 1999 & Supp. 2009), 18 U.S.C. § 2 (2006), and possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (2006). (J.A. 15, 24). Figueroa was sentenced to 18 months' imprisonment on the drug charge with a consecutive 60-month sentence of imprisonment on the firearms charge. Figueroa was also sentenced to two concurrent three-year terms of supervised release.

On the government's motion, the district court later reduced Figueroa's sentence to 18 months' imprisonment on the drug charge and a concurrent sentence of 58 months' imprisonment on the firearms charge. Figueroa's concurrent sentence of supervised release remained unchanged.

Figueroa was released from custody and deported to Honduras. After deportation, Figueroa reentered the United States without authorization and was arrested. Based on this conduct, Figueroa's probation officer filed a motion to revoke his supervised release.

The district court revoked Figueroa's supervised release and found that his illegal reentry was a grade B violation, which, combined with his original category III criminal history, resulted in a policy statement range of 8 to 14 months' imprisonment. See United States Sentencing Guidelines Manual §§ 7B1.1(a)(2), p.s., 7B1.4(a), p.s. (2009). However, the district court found that 60-month sentence of imprisonment was available. The district court sentenced Figueroa to 60 months' imprisonment. In imposing the sentence, the district court stated that it "departed upwardly because it was the defendant's decision to return to the United States, which is his third documented illegal entry since 1998, and his criminal history and ongoing disregard for the law combine to make him a serious danger to the community."

On appeal, Figueroa argues that the district court procedurally erred when sentencing him because it did not consider the factors that he offered to mitigate the length of his prison term, such as his history and characteristics, and placed too much emphasis on his criminal history and his illegal reentry. We disagree.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a

3

sentence is plainly unreasonable, we must first consider whether the sentence imposed is unreasonable. Id. at 438. In making this determination, we follow "the procedural and substantive considerations that we employ in our review of original sentences." Id.; see also United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006). In this inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable, must the court decide whether it is "plainly" so. Id. at 657.

While a district court must consider Chapter Seven's policy statements and the statutory provisions applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the district court need not robotically tick through every subsection, and it has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum provided by § 3583(e)(3). Moulden, 478 F.3d at 656-57 (4th Cir. 2007); Crudup, 461 F.3d at 439. Moreover, while a district court must provide a statement of the reasons for the sentence imposed, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when

4

imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

After reviewing the record, we conclude that the district court sentenced Figueroa within the prescribed statutory range, considered the pertinent statutory factors, and adequately explained the reasons for the chosen sentence. The district court considered Figueroa's repeated criminal conduct and his criminal history and found that his failure to comply with the law demonstrated that he was a serious danger to the community, warranting a sentence of sixty months' imprisonment. Therefore, we find that the sentence is not procedurally unreasonable.[*]

Accordingly, we affirm Figueroa's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that Figueroa has not challenged the substantive reasonableness of the sentence.

5